UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gale M. Lyons *(aka Gail Lyons, Gale Malissa Lyons)*, ) | C/A No. 3:05-2291-MBS-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Richard F. Lyons, ) | |
| ) | |
| Defendant(s). ) | |

Plaintiff, a resident and citizen of the County of Richland, State of South Carolina, has filed this matter against Richard F. Lyons, who is apparently her former husband. According to the complaint, Defendant Lyons is a resident and citizen of the County of Sumter, State of South Carolina, *or,* is a resident and citizen of the County of Richmond, State of Georgia. Plaintiff alleges Defendant Lyons works in the County of Edgefield, State of South Carolina. Plaintiff also alleges that venue lies within the Columbia Division of the United States District Court for the District of South Carolina because the "Defendant either lives, work in the State of South Carolina, and the complaint occurred with the State." *See* Complaint @ 1.

Plaintiff alleges that sometime during the year 2003, Defendant Lyons filed a false police report against the Plaintiff in Edgefield County, in a deliberate attempt to defame the Plaintiff, in hopes of winning leverage in a divorce proceeding. Apparently Defendant Lyons accused the Plaintiff of "intent to kill and/or assault and battery using a vehicle, under a sworn oath or affirmation". Id. @ 2. Plaintiff alleges she was found not guilty of the charges. Nonetheless, Plaintiff was apparently arrested and jailed for two nights after the charges were filed against her.

Plaintiff also alleges she was hospitalized as a direct result of her arrest and incarceration.

Plaintiff states she suffered from stress, anxiety disorder, and high blood pressure which damaged her heart. Plaintiff also alleges that she lost her job, and had to pay towing and storage fees to retrieve her vehicle. Finally, Plaintiff alleges that Defendant Lyons defamed her when he testified that the Plaintiff lied about her pregnancy. The Plaintiff seeks $1,000,000.00 in damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 60 U.S.L.W. 4346, 118 L.Ed.2d 340, 112 S.Ct. 1728, (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). This court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

Plaintiff alleges there is jurisdiction to hear her claim pursuant to 28 U.S.C. § 2680. This

is a portion of the Federal Tort Claims Act, specifically the tort claims procedure found in Chapter 171 of that Act. A suit under the Federal Tort Claims Act (FTCA) lies only against the United States. *See* Myers and Myers, Inc. v. United States Postal Service, 527 F.2d 1252, 1256 (2nd Cir. 1975). Consequently, the Plaintiff cannot rely on 28 U.S.C. § 2680 as a basis for jurisdiction in a suit filed against her ex-husband in federal court.

Plaintiff also alleges this court has jurisdiction to hear her case pursuant to 28 U.S. C. 1343(a)(4), which states, 'The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection fo civil rights including the right to vote." Since this is a federal statute, the Plaintiff is apparently asserting 'federal question' jurisdiction as a basis for her claims, however, the plaintiff cannot obtain damages for "slander" in a civil rights action. An alleged act of defamation of character or injury to reputation is not actionable under civil rights statutes. Paul v. Davis, 424 U.S. 693, 697-710 & nn. 3-4 (1976). In order to assert a claim under a civil rights statute, the Plaintiff must show that Defendant Lyons acted under color of state law. The United States Court of Appeals for the Fourth Circuit has ruled that private corporations, individuals, or entities, generally, do not act under color of state law. Lugar v. Edmondson Oil Co., 639 F.2d 1058, 1062-1069 (4th Cir. 1981), *affirmed in part and reversed in part* [on other grounds], 457 U.S. 922 (1982).

As for Plaintiff's assertion that S.C. Code Ann. § 15-3-550 gives this Court jurisdiction to hear her claims, that statute sets forth only the time in which a plaintiff has to file her claims for libel, slander, false imprisonment, or for an action upon a statute of forfeiture under South Carolina statutory law.

In any event, under longstanding South Carolina case law, contents of governmental records

– such as judicial proceedings, case reports, published cases, investigative reports, or arrest records – do not give rise to liability for slander or libel.  See Heyward v. Cuthbert, 15 S.C.L. (4 McCord) 354, 356-359 (1827); and Padgett v. Sun News, 278 S.C. 26, 292 S.E.2d 30, 32-33 (1982).  *See also* case law interpreting the "fair report" doctrine (press may publish a "fair report" on official government proceedings such as arrest records, court records, or transcripts, even if the contents of those governmental records are defamatory), such as, *e.g.*, Medico v. Time, Inc., 643 F.2d 134, 137-140 (3rd Cir.), *cert. denied*, 454 U.S. 836 (1981), where the Court held that a news magazine was privileged to publish a summary of FBI documents identifying the appellant as a member of an organized crime group; Cox Broadcasting Corp. v. Cohn, 420 U.S. 469 (1975)(prohibiting invasion of privacy action for publication of public record – name of deceased rape victim); and Lee v. Dong-A Ilbo, 849 F.2d 876, 878-880 & nn. 1-2 (4th Cir. 1988), *cert. denied*, Dong-A Ilbo v. Lee, 489 U.S. 1067 (1989).  Furthermore, civil rights statutes do not impose liability for violations of duties of care arising under a state's tort law.  DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 200-203 (1989).

     Most importantly, however, in order for this Court to hear or decide a case, the Court must first have jurisdiction over the subject matter of the litigation.  It is well established that federal courts are courts of limited jurisdiction.  They possess only that power authorized by the Constitution and federal statute.  See Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986).  This limited jurisdiction is not to be expanded by judicial decree.  See American Fire & Casualty Co. v. Finn, 341 U.S. 6 (1951).  It is to be presumed that a cause lies outside this limited jurisdiction, *see* Turner v. Bank of North America, 4 U.S. (4. Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *see* McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83

(1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the complaint filed by the plaintiff in the above-captioned matter do not fall within the scope of either form of this Court's limited jurisdiction.

First, there is clearly no basis for a finding of diversity jurisdiction over this complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
>   (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See* Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Statutes conferring federal diversity jurisdiction are to be strictly construed. *See* Janzen v. Goos, 302 F.2d 421, 423 (8th Cir. 1962). Furthermore, the plaintiff bears the burden of establishing diversity jurisdiction by competent proof and by a preponderance of the evidence. Id. @ 424-5.

In the instant case, the plaintiff alleges that Defendant Lyons has a residence and works in the State of South Carolina. The plaintiff also alleges that Defendant Lyons has a residence in Georgia. The allegation that the Defendant has a residence in Georgia is, by itself, insufficient to show the requisite diversity of the parties, and plaintiff has not met her burden in this regard. Mere residency does not establish a parties *domicile* for purposes of the diversity statute. *See* Gambelli v. USA, 904 F. Supp. 494 (E.D. Va. 1995). Hence, complete diversity of parties is absent in the above-captioned case, and diversity jurisdiction is, therefore, lacking. **The plaintiff is not without**

**a forum: she may file suit against the defendant in a Court of Common Pleas, which would have jurisdiction over a suit brought by a South Carolina resident against another South Carolina resident.**

Second, it is clear that the essential allegations of the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. Plaintiff's complaint involves state tort claims. Generally, such disputes are matters of state law to be heard in the state courts, unless diversity jurisdiction is present.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; The plaintiff's attention is directed to the important notice on the next page.

        Respectfully submitted,

        s/Joseph R. McCrorey
        United States Magistrate Judge

Columbia, South Carolina
September 22, 2005

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
901 Richland Street<br>
Columbia, South Carolina  29201