IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Gale M. Lyons, | ) | C/A No. 3:05-2291-MBS-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND** |
| v. | ) | **ORDER** |
| | ) | |
| Richard F. Lyons, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Gale Lyons, appearing pro se, brings this action pursuant to 28 U.S.C. § 2680 or, in the alternative, 28 U.S.C. § 1332(a). She alleges that her former husband defamed her by filing a false police report in an effort to win leverage in a divorce proceeding. Plaintiff contends that her husband's conduct is actionable under 28 U.S.C. § 2680. To the extent that this case is not actionable under 28 U.S.C. § 2680, Plaintiff seeks to invoke this court's diversity jurisdiction under 28 U.S.C. § 1332(a).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for a Report and Recommendation ("Report and Recommendation"). The Magistrate Judge reviewed the pro se complaint pursuant to the provisions of 28 U.S.C. § 1915. The Magistrate Judge filed a Report and Recommendation on September 22, 2005, and recommended that Plaintiff's complaint be summarily dismissed without prejudice and without issuance and service of process. Plaintiff filed objections to the Report and Recommendation ("Plaintiff's Objections") on October 13, 2005.

The Magistrate Judge makes only a recommendation to the court. The recommendation has

1

no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The district court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Report and Recommendation to which objections have been filed. Id. However, the court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). In this case, the court concurs in the Magistrate Judge's recommendation that the captioned case be dismissed without prejudice.

## DISCUSSION

Plaintiff contends that the Magistrate Judge erred in concluding that she is unable to bring an action against her former husband under 18 U.S.C. § 2680 or 18 U.S.C. § 1343(a)(4). An action under 18 U.S.C. § 2680 lies only against the United States. See Myers v. United States Postal Service, 527 F.2d 1252, 1256 (2d Cir. 1975). An action for defamation of character is not actionable under 28 U.S.C. § 1343(a)(4) or other civil rights statutes. Paul v. Davis, 424 U.S. 693, 697 (1976). The Magistrate Judge's conclusion that Plaintiff cannot bring an action against her former husband under the above-enumerated federal statutes is correct. Plaintiff's objection is without merit.

Plaintiff also claims that she is able to bring an action against her former husband under 18 U.S.C. § 242 because she was denied "her Constitutional Rights in the Fourteenth Amendment, in regards to due process . . . ." An action under 18 U.S.C. § 242 lies only against a person acting under color of law. See 18 U.S.C. § 242. Plaintiff cannot bring an action against her former husband

2

under the above-enumerated federal statute.

Plaintiff contends that the Magistrate Judge erred in concluding that she is unable to maintain an action in federal court against Defendant under 28 U.S.C. § 1332(a) because her husband allegedly maintains a residence outside the state of Georgia. Although Plaintiff claims in her complaint that Defendant is a citizen of Sumter County, South Carolina, she avers in her objections that Defendant is a resident of Georgia. Plaintiff bears the burden of establishing diversity jurisdiction by competent proof and by a preponderance of the evidence. See Janzen v. Goos, 302 F.2d 421, 424 (8th Cir. 1962). Plaintiff has failed to provide competent evidence that Defendant is not domiciled in the state of South Carolina. Plaintiff, therefore, cannot maintain an action in federal court under 28 U.S.C. § 1332(a). Plaintiff's objection is without merit.

The court adopts the Report and Recommendation and incorporates it herein by reference. For the foregoing reasons, the captioned case is hereby **dismissed** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Court

Columbia, South Carolina
October 28 , 2005

**NOTICE OF RIGHT TO APPEAL**
**Plaintiff is hereby notified that he has the right to appeal this order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**